Marvin GRISSOM *v.* STATE of Arkansas

5439                                        444 S. W. 2d 871

Opinion delivered September 29, 1969

*Bryan J. McCallen,* for appellant.

*Joe Purcell,* Attorney General; *Don Langston,* Asst. Atty. Gen., for appellee.

LYLE BROWN, Justice. This is a post-conviction appeal brought under our Criminal Procedure Rule 1. Appellant Marvin Grissom was convicted of assault with intent to kill a small child. After being committed to the penitentiary Grissom filed this proceeding, alleging in two respects violations of his constitutional rights committed prior to and during the course of the trial. They relate to an asserted unlawful arrest and an attack on certain jurors as being prejudiced against him.

Under his first point for reversal, appellant makes two arguments. First, he says his arrest was unlawful and in violation of his constitutional rights. He was initially arrested on a misdemeanor warrant issued by a justice of the peace charging Grissom with abusing a minor child. After further investigation and three days later, while the accused was in jail on the misdemeanor charge, he was served with a warrant for assault with intent to kill and with respect to the same incident. Secondly, appellant complains that during the three-day interval he was not afforded the opportunity to make bail. From the recited allegations appellant draws the bare conclusion that he should be afforded a new trial.

Each of the arrests was made by virtue of a warrant, the validity of which is not questioned; nor does appellant attempt to show any connection between the three days in jail and his trial, that is, such a connection as would establish prejudice in the trial procedure. Irrespective of the contention made, appellant subsequently made bail, appeared in court, submitted himself to its jurisdiction without protest, and announced ready for trial. The point has no merit.

The second point advanced for reversal is the allegation that some of the jurors were prejudiced against the defendant. The voir dire examination of the jury panel was made a part of the record in the Rule 1 hearing; that record shows eight pages of exhaustive questioning of the panel. Most of the questions were pro-

pounded by the trial judge and they reflect a thorough line of questioning which was framed to reveal any prejudice against the defendant or members of his family which might have been grounds for excusing disqualified persons from serving. The defendant was represented by chosen and experienced counsel who questioned the jury and was satisfied with their answers because he exercised no peremptory challenges. Appellant's testimony on this point was based purely on hearsay. Additionally, three jurors called by defendant to testify at the Rule 1 hearing refuted Grissom's contention. Appellant's father also testified at the hearing and he did not corroborate appellant on this point, notwithstanding he was said to have firsthand information as to the possible disqualification of one juror.

Affirmed.

FOGLEMAN, J., not participating.